UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MALCOLM ANTONIO MOSS                                              PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 2:24-CV-66-TBM-RPM

CITY OF HATTIESBURG                                               DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter is before the Court *sua sponte* in consideration of subject matter jurisdiction. On May 1, 2024, Plaintiff Malcolm Antonio Moss, who is proceeding *pro se* and *in forma pauperis*, initiated this action against Defendant City of Hattiesburg, alleging that a worker for the City of Hattiesburg damaged the side of his truck. Doc. [1]. Moss alleges federal question as the basis for this Court's jurisdiction.[1] *Id.* at 3. However, upon initial review of Moss's Complaint, it was not apparent whether this Court had subject matter jurisdiction.

Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Because it appeared that this Court lacked subject matter jurisdiction, the Court *sua sponte* entered an Order to Show Cause requiring Moss to state the basis of this Court's jurisdiction and provide sufficient facts to state a plausible claim for relief. Doc. [4] Moss promptly filed a Response and attached several documents, such as an Incident Report indicating that his truck was dented due to debris from a City of Hattiesburg lawnmower. Doc. [5]; [5-1] at 1. Additionally, he attached a

---

[1] When completing the civil cover sheet, Moss failed to select a basis for this Court's jurisdiction. Doc. [1-1]. But "[t]he mere selection," or non-selection in this case, of a basis for "jurisdiction on the civil cover sheet is not controlling." *Stewart v. Treasure Bay, LLC*, No. 1:16-CV-261, 2017 WL 487032, at *3 (S.D. Miss. Feb. 6, 2017). Instead, the Court considers whether the plaintiff's pleadings have set forth a valid factual or legal basis for jurisdiction. *Id.*

"Written statement for court case." Doc. [5-1] at 12. These attachments and Moss's written statement have not allayed the Court's concerns regarding subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking federal subject matter jurisdiction, the plaintiff bears the burden of establishing its existence. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017). Furthermore, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent this, section 1915(e)(2) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As stated previously, Moss alleges federal question as the basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Doc. [1] at 3. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In his Complaint, however, Moss lists no federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case; instead, he lists the following Mississippi statutes: (1) Miss. Code Ann. § 11-7-15; and (2) Miss. Code Ann. § 15-1-49(1).[2] Doc [1] at 3. Moss's Complaint does not raise issues of federal law. *See Budget Prepay,*

---

[2] "In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person

2

*Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) ("In determining whether a case arises under federal law, we look to whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'"). Therefore, this Court lacks federal question jurisdiction.

Moreover, this Court has already addressed diversity jurisdiction in its Order to Show Cause and found that diversity jurisdiction does not exist. Doc. [4] at 1–2. "To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). In other words, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (citations omitted). Here, both Moss and the City of Hattiesburg are citizens of Mississippi. Doc. [1] at 1–2; *see J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987) ("[A] Mississippi municipality . . . is a citizen of Mississippi."); *see, e.g., City of Hattiesburg v. USA Yeast Co., LLC*, No. 2:11-CV-55-KS-MTP, 2011 WL 1769087 (S.D. Miss. May 6, 2011) (dismissing the case for lack of diversity of citizenship). There is a lack of complete diversity because both Moss and the City of Hattiesburg are citizens of Mississippi; as such, this Court also lacks diversity jurisdiction.[3]

Accordingly, Moss's action must be dismissed for lack of subject matter jurisdiction. *See Gilbert v. Bartel*, 273 F. App'x 413, 413 (5th Cir. 2008) ("A case that does not present either federal question or diversity jurisdiction is subject to dismissal for lack of subject matter

---

having control over the property." Miss. Code Ann. § 11-7-15. "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49(1).

[3] Furthermore, the amount in controversy must exceed $75,000 for this Court to have diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Moss is not seeking damages of more than $75,000, so the amount in controversy requirement is not met. Doc. [1] at 4; [5-1] at 12.

jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## RECOMMENDATION

The undersigned recommends that Plaintiff Malcolm Antonio Moss's Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 2nd day of July 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE